FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

ROBERT G. GLASS,

          Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

          Defendants.
_____X

MEMORANDUM AND ORDER
13 CV 4026 (ENV)

VITALIANO, United States District Judge:

    Plaintiff, Robert G. Glass, brings this *pro se* complaint seeking review of the order of the Commissioner of Social Security denying him disability benefits. Plaintiff seeks to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff is directed to pay the filing fee of $400 within 14 days of the date this Order is entered on the docket in order to proceed with this action.

    The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07 CV 1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A),

that is, the facts of the plaintiff's financial standing do not comport with the statute's definition of poverty. Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. Pinede v. New York City Dept. of Environmental Protection, No. 12 CV 06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); DiGianni v. Pearson Educ., No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Maccaro v. N.Y. City Health & Hospitals Corp., No. 07 CV 1413, 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007)). Nor does it matter that the net worth statement is accurate, if it is disqualifying under the statutory definition of poverty.

The financial declaration form that plaintiff has submitted ("Decl.") does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff states that he has $75,000 in cash or in a checking or savings account. Decl. ¶ 4. Moreover, plaintiff states that he has $207,000 in mutual funds. Decl. ¶ 5. Plaintiff's declaration establishes that he has sufficient resources to pay the $400 filing fee to commence this action, and his request to

2

proceed IFP status is therefore denied.

## Conclusion

Accordingly, plaintiff must pay the $400 filing fee within 14 days of the date this Order is entered on the docket in order to proceed further. No summons shall issue at this time, and all further proceedings shall be stayed until plaintiff has complied with this Order or the time to do so has expired. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

Dated: July 24, 2013
Brooklyn, New York